In re STUART MOTEL, INC., Debtor.

**Bankruptcy No. 80-00064-BKC-JAG.**

United States Bankruptcy Court,
S. D. Florida.

Oct. 30, 1981.

———

Samuel S. Sorota, P.A., Miami Beach, Fla., for debtor.

Robert G. Hewitt, Wakefield, Hewitt & Webster, Miami, Fla., co-counsel for debtor.

Ronald A. Harbert, Mateer, Harbert, Bechtel & Phalin, P.A., Orlando, Fla., Francis L. Carter, Britton, Cohen, Kaufman, Benson & Schantz, Miami, Fla., for Columbia Banking Saving & Loan Association.

Robert J. Gorman, Brennan, McAliley, Hayskar & McAliley, Fort Pierce, Fla., for Wallace K. Niedenthal.

Ronald Neiwirth, Neiwirth & Neiwirth, Miami, Fla., for Scabbard Investment.

## ORDER DENYING CONFIRMATION OF SALE OF REAL AND PERSONAL PROPERTY

JOSEPH A. GASSEN, Bankruptcy Judge.

On October 5, 1981, the debtor as debtor-in-possession filed its notice to sell the real and personal property consisting of the Stuart Motel at 1200 South Federal Highway, Stuart, Martin County, Florida, to Self Service Motor Inn of Stuart (C. P. No. 148). That asset constitutes the sole asset of this debtor the sale of which would generate the funds necessary to carry out the amended fourth plan of reorganization that has been filed herein. It is this sale which is the basis of the disclosure statement and plan.

The notice to sell provided for a hearing on October 27, 1981 for an order confirming the sale and setting that time as a hearing on any objections to the sale which may have been filed. The confirmation hearing on the debtor's amended fourth plan of reorganization was also set before the court on October 27, 1981 (C. P. No. 149).

Columbia Banking Saving and Loan Association (Columbia) has vigorously opposed the sale of the asset pursuant to the notice and with equal vigor has resisted and opposed any and all plans of reorganization including the amended fourth plan of reorganization.

Columbia holds the first mortgage on the subject property. That mortgage was in default and a foreclosure action was pending in the state court prior to the filing of these chapter 11 proceedings. In fact, the mortgage was in default prior to the debtor acquiring title to the property. Upon the filing of this case, the automatic stay under 11 U.S.C. § 362 prevented the foreclosure action from going forward. Litigation regarding the giving of adequate protection or the modifying of the stay to permit the foreclosure action to proceed, has been lengthy and extensive in this court. See Adversary Case No. 80-0075-BKC-JAG-A in which a Final Judgment continued the automatic stay upon the debtor making certain payments as referred to in the Findings and Conclusions in that case. Those conditions were never met even after ex-

tensions were granted pursuant to the request for such extensions by the debtor. By reason thereof, the court entered its order on January 6, 1981 which had the effect of terminating the stay as it applied to the state court foreclosure action brought by Columbia and provided that Columbia "may proceed with its foreclosure, including the sale and issuance of a certificate of title to the property foreclosed upon should judgment of foreclosure be entered by the state court without further order of this court." (C. P. No. 36, Adversary Case No. 80–0075–BKC–JAG–A).

The state court foreclosure action did proceed to final judgment and the only matters left to be done are the conducting of the foreclosure sale and the issuing of the certificate of title to the successful bidder by the Clerk of the state court. The foreclosure sale has been delayed through the voluntary cooperation of Columbia pending the outcome of other intervening litigation in this court. The intervening litigation was the bringing of an adversary proceeding by Stuart Motel, Inc. against Columbia and another to reimpose the stay or to enjoin Columbia from proceeding with the sale (Adversary Case No. 81–0306–BKC–JAG–A which was consolidated with a companion case brought by Scabbard Investment Corp. against Columbia and the debtor, Adversary Case No. 81–0274–BKC–JAG–A).

Those cases terminated through the entry of an order granting the motions of Columbia to dismiss (C. P. No. 30 in Adversary Case No. 81–0306–BKC–JAG–A). That order has been appealed and the order denying the motion to stay the effect of that order has likewise been appealed. Both the order of dismissal and the order denying motion to stay have been affirmed in the District Court in and for the Southern District of Florida and the matter is now pending before the United States Court of Appeals for the Eleventh Circuit.

The thrust of the debtor's argument in seeking confirmation of the sale, is that the Bankruptcy Court has continuing jurisdiction over the property of the debtor even after the automatic stay has been lifted to permit a foreclosure of a mortgage and sale of the foreclosed property by the state court. We have carefully considered the able argument made by the attorneys for the debtor and have examined the authorities referred to in their argument and memorandum and cannot agree with the debtor's position. 11 U.S.C. § 363(d) clearly states that the trustee's authority to sell property is limited by the granting of relief under 11 U.S.C. § 362(d). In chapter 11 cases, the debtor-in-possession occupies essentially the same position as a trustee in other cases (11 U.S.C. § 1107). This court has granted relief under 11 U.S.C. § 362(d) in Adversary Case No. 81–0075–BKC–JAG–A. In Adversary Cases Nos. 81–0306–BKC–JAG–A and 81–0274–BKC–JAG–A referred to above, we held that we were without authority to reimpose the automatic stay or enjoin the parties from completing the foreclosure action in state court.

The debtor has attempted to give the court an opportunity to change its mind by applying for confirmation of the sale of the property. The court declines to change its mind by confirming the sale and thus possibly provide a vehicle for the debtor to frustrate the completion of the state court foreclosure sale and issuance of certificate of title to any successful bidder. To do so would be to collaterally reverse our decision in the adversary cases previously referred to. The court is not convinced that its previous rulings were erroneous. Our rulings in Adversary Cases Nos. 81–0306–BKC–JAG–A and 81–0274–BKC–JAG–A have been appealed. The debtor can likewise appeal this order and have the issues and arguments raised in the previous adversaries and in this case considered and determined on appeal.

All parties have agreed that denial of confirmation of the sale renders moot any ruling by this court on the application for confirmation of the amended fourth plan of reorganization since that plan depends upon the sale which this order prevents. For the reasons given, it is

ORDERED that confirmation of the sale of the assets of the debtor as described in

the notice to sell real and personal property (C. P. No. 148) is hereby denied. By reason of this order, the amended fourth plan of reorganization cannot presently be accomplished by the debtor and therefore it is moot until and unless this order and the previous orders of this court referred to in this order are reversed.