### In re SANPO LAND INDUSTRIAL (HAWAII), INC., Debtor.

### Bankruptcy No. 82–00649.

United States Bankruptcy Court, D. Hawaii.

June 5, 1985.

Wray H. Kondo and Michael Lorrusso, Alan Goda, Honolulu, Hawaii, for Mitsukoshi Hawaii.

Jerrold Guben, Honolulu, Hawaii, for Masami Kato.

Robert Miller, Honolulu, Hawaii, for debtor.

Harrison Chung, Honolulu, Hawaii, for Mut. Life Ins. Co. of New York ("MONY").

David Kwock, Honolulu, Hawaii, for state court appointed commissioner.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: MOTION TO ASSUME OR REJECT MITSUKOSHI LEASES

JON J. CHINEN, Bankruptcy Judge.

On February 8, 1985, Mitsukoshi Hawaii, Inc. ("Mitsukoshi Hawaii") filed a Motion for an order compelling the Debtor and Debtor-in-Possession, Sanpo Land Industrial (Hawaii), Inc., a Hawaii corporation, aka Kalakaua International Center, Inc. ("KIC" also hereafter referred to as "Debtor") to assume or reject leases for the Ground floor, Second, Third and Fourth Floors and a Management Agreement for the Kalakaua International Center, fka Rainbow Promenade Building. These leases are hereafter referred to as the "Mitsukoshi Leases". A hearing was held on April 8, 1985, at which time Alan M. Goda, Esq., Wray H. Kondo, Esq. and Michael A. Lorrusso, Esq., represented Mitsukoshi Hawaii; Herrold Guben, Esq., represented Masami Kato; Robert Miller, Esq., represented the Debtor; Harrison Chung, Esq., represented the Mutual Life Insurance Company of New York ("MONY"); and David Kwock, Esq., represented the state court appointed commissioner. Following the hearing, the Court requested additional memoranda concerning the propriety of ordering the Debtor to assume or reject the above leases and management contract after this Court has lifted the automatic stay permitting MONY to continue its foreclosure proceedings. All of the supplemental memoranda having been filed, and based on the records in the file and argument of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtor owned and operated a commercial building, commonly known as the Mitsukoshi Building, located at 2155 Kalakaua Avenue, Honolulu, Hawaii. The building was constructed with a 1979 construction loan from MONY. The construction loan was secured by a first mortgage on the Mitsukoshi Building and by the proceeds from long-term leases, which were executed by the Debtor as the lessor and various lessees, including Mitsukoshi Hawaii. The collateral covered by the "Mortgage, Security Agreement and Financing Statement" included the following:

> [A]ll of the Mortgagor's right, title and interest in, to and under any and all subleases, agreements of sale, concession agreements, management contracts or other agreements now or hereafter entered into by the Mortgagor, covering any part of the mortgaged properties, and any and all rents, royalties, profits, revenues, other incomes and other benefits arising from the use or enjoyment of

all or any portion of the mortgaged properties or from any contract pertaining to such use or enjoyment.

As part of the security for the loan by MONY to the Debtor, the Debtor also assigned to MONY all of its right, title and interest in and to all the leases affecting the improvements on the Mituskoshi Building. As a condition for the loan, MONY also obtained Agreement and Estoppel Statements from Mitsukoshi Hawaii. In the Agreement and Estoppel Statements, Mitsukoshi Hawaii agreed (1) to attorn to the mortgagee or to any purchaser at the foreclosure sale, (2) that it will not cancel the leases without prior consent of MONY and (3) that it will not hold MONY, any transferee or purchaser at the foreclosure sale liable for the Debtor's defaults.

Prior to November 12, 1982, the Debtor fell into default in its payments to MONY, and MONY initiated state court foreclosure proceedings (Civil No. 71918). Before a public auction sale could be conducted, the Debtor filed a voluntary petition for reorganization under the Bankruptcy Code, and the state court foreclosure action, therefore, was automatically stayed.

On October 21, 1983, MONY filed a Motion for Relief from Stay under 11 U.S.C. 362(d), for Dismissal under 11 U.S.C. 1112(b), for Abstention under 11 U.S.C. 305(a) and for Accounting under 11 U.S.C. 363(c)(4). A preliminary hearing was held on November 21, 1983, at which time a final hearing was scheduled for January 23 and 24, 1984. By Stipulation, filed on January 5, 1984, the final hearing was continued until March 26 and 27, 1984.

At the final hearing, a Stipulation for an order granting relief from the stay by and between the Debtor, Masami Kato, as President and Chairman of the Board of Directors of the Debtor, and MONY was presented to the court for approval. After a hearing on the Stipulation, the Court found it to be in the best interest of all concerned and approved the Stipulation.

The Stipulation contained a provision which provided that the automatic stay was terminated with respect to MONY or its successors in interest, provided that MONY shall not proceed in the state foreclosure action or otherwise enforce its security interest as long as the payments required by the Stipulation were made. If the payments were not made as required by the Stipulation, MONY was authorized to enforce its security upon the filing of a Declaration with the Court that such payments have not been made.

On July 27, 1984, MONY filed a Declaration of Non-payment, together with the Affidavit of Harrison P. Chung and MONY then continued with its foreclosure proceeding in the state court. On December 3, 1984, the state court conducted a hearing on MONY's Third Motion for Partial Summary Judgment and for Interlocutory Decree of Foreclosure. On January 14, 1985, the state court granted the Motion and appointed a Commissioner to take full possession, control and custody of the property owned by Debtor, including all leases, and to operate, manage and sell the property at public auction.

The Notice of Foreclosure Sale which set March 8, 1985 as the auction date, included a description of specific tenant leases, including the Mitsukoshi Leases.

Prior to the auction sale, Mitsukoshi Hawaii filed, on February 8, 1985, the instant Motion requesting the Bankruptcy Court to compel the Debtor to assume or reject the Mitsukoshi Leases and the Management Contract. Prior to the hearing on Mitsukoshi Hawaii's Motion, the Commissioner, on March 8, 1985, sold the property at auction.

At the hearing on April 8, 1985, Mitsukoshi Hawaii contended that only the building at 2155 Kalakaua Avenue was sold and that the sale did not include the Mitsukoshi Leases and Management Agreement. On the other hand, both the Debtor and MONY asserted that the sale, as noticed by the Commissioner, included the Mitsukoshi Leases and Management Contract. MONY in its supplemental memorandum argued that the Debtor is now estopped from cancelling the Mitsukoshi Leases because of the Agreement and Estoppel Statements

which were executed by Mitsukoshi Hawaii on August 24 and 27, 1979. In the Agreement and Estoppel Statements, Mitsukoshi Hawaii agreed not to cancel the Mitsukoshi Leases without the prior consent of MONY.

On April 22, 1985, a Stipulation and Order, which was approved by the state court, was filed in Civil No. 71918. This Stipulation and Order clearly showed that the Findings of Fact; Conclusions of Law; Order Granting Third Motion for Partial Summary Judgment and Interlocutory Decree of Foreclosure filed on January 14, 1985, covered all of the property described in the Mortgage, Security Agreement and Financing Statement, including the Mitsukoshi Leases.

## CONCLUSIONS OF LAW

28 U.S.C. § 1334(d) provides that the district court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property of the debtor. And, by Order dated July 20, 1984, the district Court has referred all bankruptcy cases to this bankruptcy court.

On July 27, 1984, this Court lifted the automatic stay and permitted MONY to foreclose on its collateral. The Mortgage, Security Agreement and Financing Statement clearly includes as collateral the Mitsukoshi Leases. Thus, when this Court lifted the automatic stay and permitted MONY to foreclose on its collateral, which included the Mitsukoshi Leases, this Court relinquished jurisdiction over the possession and control of the collateral to the state court. Having relinquished jurisdiction, this Court declines to interfere with the proceedings in the state court.[1]

The order of the state court clearly shows that the commissioner was authorized and did sell at auction all of the property of Debtor, including the Debtor's interest in the Mitsukoshi Leases. After lifting the automatic stay and permitting MONY to

proceed in the state court and after the state court appointed a commissioner to sell all of the Debtor's property at auction, this Court will not now interfere with the proceedings in the state court.

In addition, the Court notes that Mitsukoshi Hawaii, to induce MONY to make the loan to the Debtor, executed Agreement and Estoppel Statements in which it agreed not to cancel the Mitsukoshi Leases without the prior consent of MONY. Mitsukoshi Hawaii is aware that the Debtor does not have the funds to cure the arrearage on the Mitsukoshi Leases and to assume these leases. In essence, Mitsukoshi Hawaii is attempting to effectuate a cancellation of the Mitsukoshi Leases by demanding that the Debtor cure the defaults. In its Agreement and Estoppel Statements, Mitsukoshi agreed not to cancel the Mitsukoshi Leases without the prior consent of MONY. MONY has not consented to the cancellation of the Mitsukoshi Leases and vehemently opposes the cancellation of the Mitsukoshi Leases. Mitsukoshi Hawaii, therefore, will not be allowed to do indirectly what it agreed not to do directly.

Based on the foregoing, Mitsukoshi's Motion for an Order Compelling the Debtor and Debtor-in-Possession to Assume or Reject the Mitsukoshi Leases is hereby denied.

A Judgment will be signed upon presentment.

---

1. *See In re Stuart Motel, Inc.,* 15 B.R. 31 (Bankr. S.D.Fla.1981). After having lifted the automatic stay, the Bankruptcy Court, in *In re Stuart Motel, Inc.,* declined to interfere with the state court proceedings by reimposing the automatic stay which would have stopped the completion of the state court foreclosure sale.